

**U.S. Department of Justice**

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

*FILED IN
EN COURT
9-20-05*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 9, 2005

Elliot Weinstein, Esquire
228 Lewis Wharf
Boston, MA 02110

Re: <u>United States v. Jonah Adelman</u>
    Criminal No. 04-10370-RGS

Dear Mr. Weinstein:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jonah Adelman ("Adelman"), in the above-captioned case. The Agreement is as follows:

1.    <u>Change of Plea</u>

At the earliest practicable date, Adelman shall plead guilty to the following counts in the above-captioned Superseding Information:

Count One:     Conspiracy To Distribute Oxycodone, in
               violation of 21 U.S.C. § 846;

Count Two:     Distribution of Oxycodone, in violation of
               21 U.S.C. § 841(a)(1); and

Count Three:   Possession with Intent to Distribute
               Oxycodone, in violation of 21 U.S.C.
               § 841(a)(1).

Adelman expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes

Elliot Weinstein, Esquire
September 9, 2005
page 2

charged in Counts One, Two and Three of the Superseding
Information, and is in fact guilty of those offenses.

2.    Penalties

Adelman faces the following maximum penalties:

Count One:     A maximum of 20 years' imprisonment, to be
               followed by a term of supervised release of
               at least 3 years up to life, a fine of up
               to $1,000,000, and a $100 special
               assessment;

Count Two:     A maximum of 20 years' imprisonment, to be
               followed by a term of supervised release of
               at least 3 years up to life, a fine of up
               to $1,000,000, and a $100 special
               assessment; and

Count Three:   A maximum of 20 years' imprisonment, to be
               followed by a term of supervised release of
               at least 3 years up to life, a fine of up
               to $1,000,000, and a $100 special
               assessment;

as well as forfeiture to the extent charged in the Superseding
Information.

3.    Sentencing Guidelines

The sentence to be imposed upon Adelman is within the
discretion of the sentencing Court, subject to the statutory
maximum penalties set forth above, and the provisions of the
Sentencing Reform Act and the United States Sentencing
Guidelines promulgated thereunder, as modified by United
States v. Booker and United States v. Fanfan, 125 S.Ct. 738,
2005 WL 50108 (January 12, 2005). In imposing the sentence,
the Court must consult and take into account the United States
Sentencing Guidelines, along with the other factors set forth
in 18 U.S.C. §3553(a).

The parties will take the following positions at
sentencing  with respect to the application of the United
States Sentencing Guidelines:

Elliot Weinstein, Esquire
September 9, 2005
page 3

The parties agree to take the position that Adelman is
responsible for an amount of oxycodone which is the equivalent
of 400 to 700 kilograms of marijuana and that the base offense
level is 28.

Adelman will take the position that the Court should
apply § 5C1.2 of the Sentencing Guidelines and therefore,
pursuant to § 2D1.1(b)(7) of the Sentencing Guidelines, his
offense level should be reduced by two levels.

The U.S. Attorney will recommend applying § 5C1.2 of the
Sentencing Guidelines if the U.S. Probation Office finds that
Defendant meets the requirements of §5C1.2(1)-(4) and if the
U.S. Attorney finds that Adelman has personally satisfied
§ 5C1.2(5).

Adelman reserves the right to argue for all downward
departures allowed by the United States Sentencing Guidelines
and also to argue for all additional grounds for downward
adjustments pursuant to 18 U.S.C. § 3553(a).  Based upon the
information known to the U.S. Attorney at this time, the U.S.
Attorney will oppose any downward departure other than those
explicitly agreed to in this agreement and will oppose any
downward adjustment pursuant to 18 United States Code
§ 3553(a).

Based on Adelman's prompt acceptance of personal
responsibility for the offenses of conviction in this case,
and information known to the U.S. Attorney at this time, the
U.S. Attorney agrees to recommend that the Court reduce by
three levels Adelman's Adjusted Offense Level under U.S.S.G. §
3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing
Adelman:

> (a)  Fails to admit a complete factual basis for the
>      plea;
>
> (b)  Fails to truthfully admit his conduct in the
>      offenses of conviction;
>
> (c)  Falsely denies, or frivolously contests,

Elliot Weinstein, Esquire
September 9, 2005
page 4

> relevant conduct for which Adelman is
> accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his
    financial status;

(e) Gives false or misleading testimony in any
    proceeding relating to the criminal conduct
    charged in this case and any relevant conduct
    for which Adelman is accountable under U.S.S.G.
    § 1B1.3;

(f) Engages in acts which form a basis for finding
    that Adelman has obstructed or impeded the
    administration of justice under U.S.S.G. §
    3C1.1;

(g) Intentionally fails to appear in Court or
    violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any
    provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Adelman expressly understands that he may not withdraw
his plea of guilty if, for any of the reasons listed above,
the U.S. Attorney does not recommend that he receive a
reduction in Offense Level for acceptance of responsibility.

Adelman expressly understands that, in addition to
declining to recommend an acceptance-of-responsibility
adjustment, the Government may seek an upward adjustment
pursuant to U.S.S.G. § 3C1.1 if Adelman obstructs justice
after date of this Agreement.

4. Sentence Recommendation

In the event the U.S. Attorney does not file a motion
under U.S.S.G. §5K1.1, the U.S. Attorney agrees to recommend
the following sentence before the District Court:

Elliot Weinstein, Esquire
September 9, 2005
page 5

> (a) A term of incarceration within the applicable
>      Guideline Sentencing Range;
>
> (b) A fine at the low end of the fine range unless
>      the Court finds that Adelman is not able and,
>      even with the use of a reasonable installment
>      schedule, is not likely to become able to pay a
>      fine;
>
> (c) Forfeiture as set forth in paragraph 10;
>
> (d) A mandatory special assessment of $300;
>
> (e) Supervised release for a period of three years.

Adelman agrees that he will advise the U.S. Attorney of
any expert reports or documentation of any kind on which he
intends to rely at sentencing not later than twenty-one days
before sentencing, and to provide copies of all expert
reports, motions, memoranda of law and documentation by
fourteen days before sentencing. Any expert reports,
motions, memoranda of law and documentation which have not
been provided to the U.S. Attorney within these deadlines
shall be deemed waived.

5.   Payment of Mandatory Special Assessment

Adelman agrees to pay the mandatory special assessment to
the Clerk of the Court on or before the date of sentencing,
unless Adelman establishes to the satisfaction of the Court
that Adelman is financially unable to do so.

6.   Protection of Assets for Payment of Restitution,
     Forfeiture and Fine

Adelman further agrees that, prior to sentencing, he will
truthfully and accurately complete the sworn financial
statement enclosed with this Agreement.

7.   Waiver of Rights to Appeal and to Bring Collateral
     Challenge

Adelman is aware that he has the right to challenge his
sentence and guilty plea on direct appeal. Adelman is also

Elliot Weinstein, Esquire
September 9, 2005
page 6

aware that he may, in some circumstances, be able to argue
that his plea should be set aside, or his sentence set aside
or reduced, in a collateral challenge (such as pursuant to a
motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S.
Attorney in this Agreement, Adelman knowingly and voluntarily
waives his right to appeal or collaterally challenge:

> (1)   Adelman's guilty plea and any other aspect of
>       Adelman's conviction, including, but not limited
>       to, any rulings on pretrial suppression motions
>       or any other pretrial dispositions of motions
>       and issues; and
>
> (2)   The imposition by the District Court of a
>       sentence which does not exceed that being
>       recommended by the U.S. Attorney pursuant to
>       this agreement.

Adelman's waiver of rights to appeal and to bring
collateral challenges shall not apply to appeals or challenges
based on new legal principles in First Circuit or Supreme
Court cases decided after the date of this Agreement which are
held by the First Circuit or Supreme Court to have retroactive
effect.

This Agreement does not affect the rights or obligations
of the United States as set forth in 18 U.S.C. § 3742(b), and
the U.S. Attorney therefore retains his appeal rights.

8.   Cooperation

     a.   Terms of Cooperation

Adelman agrees to cooperate fully with law enforcement
agents and government attorneys.  He must provide complete and
truthful information to all law enforcement personnel.  If his
testimony is requested, he must testify truthfully and
completely before any grand jury, and at any hearing and
trial.  Adelman must answer all questions put to him by any
law enforcement agents or government attorneys and must not
withhold any information.  He must not attempt to protect any
person or entity through false information or omission, or to
implicate falsely any person or entity.  Upon request, he must

Elliot Weinstein, Esquire
September 9, 2005
page 7

furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Adelman understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged.   To facilitate his cooperation, Adelman hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify.   This waiver may be revoked at any time by a specific request by Adelman or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Adelman waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Adelman's cooperation is complete.   Adelman understands that the date of Adelman's sentencing is within the sole discretion of the Court and that this Agreement may require Adelman's cooperation to continue even after Adelman has been sentenced. Adelman's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Adelman.

b.    Substantial Assistance Motion

In the event that Adelman provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1.

The determination whether Adelman has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review.   The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Adelman violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 8(a) above, or engages in any criminal conduct after the date he signs this Agreement.   Adelman may not withdraw his plea if the U.S. Attorney determines that Adelman has not rendered

Elliot Weinstein, Esquire
September 9, 2005
page 8

substantial assistance, or if the Court refuses to grant the
U.S. Attorney's motion for a downward departure.

      c.    <u>Sentence Recommendation with Substantial</u>
            <u>Assistance</u>

If Adelman provides substantial assistance, subject to
all the provisions of paragraphs 8(a) and (b) above, the U.S.
Attorney will advise the sentencing judge of the full nature,
extent and value of the assistance provided by Adelman.

The U.S. Attorney reserves the right to recommend a
particular sentence or sentencing range, or to make no
recommendation at Adelman's sentencing.

      d.    <u>Letter Immunity</u>

In return for Adelman's full and truthful cooperation,
the U.S. Attorney agrees not to use any information provided
by Adelman pursuant to this Agreement or pursuant to the
proffer letter dated October 22, 2004 (or any information
directly or indirectly derived therefrom) against Adelman in
any criminal case except in a prosecution (1) for perjury or
obstruction of justice, or for making a false statement after
the date of this Agreement; or (2) for an act of physical
violence against the person of another, or conspiracy to
commit any such act of violence. The U.S. Attorney reserves
the right to respond fully and completely to all requests for
information by the District Court and U.S. Probation Office in
this case. All such disclosures, however, shall be made
subject to the provisions constraining the use of this
information by the District Court and U.S. Probation Office
contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.
Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and
the commentary thereto, the U.S. Attorney agrees to take the
position that at the time of sentencing information provided
by Adelman pursuant to this Agreement should not be used
either in determining where within the applicable guideline
range to sentence Adelman or in determining whether, or to
what extent, a departure from the Sentencing Guidelines is
warranted.

If the U.S. Attorney determines that Adelman has breached
this Agreement by making any false, incomplete or misleading
statement, or by providing any false, incomplete or misleading

Elliot Weinstein, Esquire
September 9, 2005
page 9

information to any law enforcement personnel, grand jury or
court, the U.S. Attorney may terminate this Agreement as set
forth below, and may also prosecute Adelman for any and all
offenses that could be charged against him in the District of
Massachusetts, including, but not limited to, false statements
and perjury.

## 9.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and
their respective calculations under the Sentencing Guidelines
are not binding upon the U.S. Probation Office or the
sentencing judge.   Within the maximum sentence which Adelman
faces under the applicable law, the sentence to be imposed is
within the sole discretion of the sentencing judge.   Adelman's
plea will be tendered pursuant to Fed. R. Crim. P.
11(c)(1)(B).   Adelman may not withdraw his plea of guilty
regardless of what sentence is imposed.   Nor may Adelman
withdraw his plea because the U.S. Probation Office or the
sentencing judge declines to follow the Sentencing Guidelines
calculations or recommendations of the parties.   In the event
that the sentencing judge declines to follow the Sentencing
Guidelines calculations or recommendations of the U.S.
Attorney, the U.S. Attorney reserves the right to defend the
sentencing judge's calculations and sentence in any subsequent
appeal or collateral challenge.

## 10.    Forfeiture

Adelman will forfeit to the United States any and all
assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a
result of his guilty plea.   The assets to be forfeited
include, but are not limited to, cash, stocks, bonds,
certificates of deposit, tangible and intangible personal
property and real estate.

The assets to be forfeited specifically include, without
limitation, $3,000 seized from Middlesex Savings Bank Box 58,
Asset I.D. 05-DEA-442955, to which Adelman previously filed a
claim dated December 15, 2004.   Adelman admits that these
assets are subject to forfeiture on the grounds that they
constitute, or are derived from, proceeds of Adelman's
unlawful drug activity and/or property used, or intended to be
used, to commit the crimes charged in Count 1 of the
Superseding Information".   Adelman therefore consents to the

Elliot Weinstein, Esquire
September 9, 2005
page 10

forfeiture of all of Adelman's interests in all such
forfeitable assets to the United States.  The forfeitures may
be carried out criminally, civilly, or administratively in the
government's discretion.

Adelman hereby acknowledges and agrees that the United
States is not limited to forfeiture of the assets specifically
listed in this section.  If the U.S. Attorney determines that
any directly forfeitable assets of Adelman cannot be located
upon exercise of due diligence, or have been transferred or
sold to, or deposited with, a third party, placed beyond the
jurisdiction of the Court, substantially diminished in value,
or commingled with other property which cannot be divided
without difficulty, then the United States shall be entitled
to forfeit as "substitute assets" any other assets of Adelman
up to the value of the directly forfeitable assets fitting any
of the categories described in this sentence.

Adelman shall deliver to the U.S. Probation Office,
within the deadline set by that office, a sworn financial
statement, executed under the pains and penalties of perjury,
fully and truthfully disclosing the existence, nature and
location of all assets in which Adelman currently has any
legal or beneficial interest, and all assets over which
Adelman has exercised control, or has had any legal or
beneficial interest, at any time from August 2002 to the
present.  At the request of the U.S. Attorney, Adelman further
agrees to be deposed with respect to Adelman's assets.

Forfeiture of substitute assets shall not be deemed an
alteration of Adelman's sentence.  The forfeitures set forth
herein shall not satisfy or offset any fine, restitution, cost
of imprisonment, or other penalty imposed upon Adelman, nor
shall the forfeitures be used to offset Adelman's tax
liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in
this Agreement, Adelman hereby waives any and all claims
arising from or relating to the forfeitures set forth in this
section, including, without limitation, any claims arising
under the Double Jeopardy Clause of the Fifth Amendment, or
the Excessive Fines Clause of the Eighth Amendment, to the
United States Constitution, or any other provision of state or
federal law.

Elliot Weinstein, Esquire
September 9, 2005
page 11


The United States District Court for the District of
Massachusetts shall retain jurisdiction to enforce the
provisions of this section.

Adelman hereby waives and releases any and all claims he
may have to any vehicles, currency, or other personal property
seized by the United States, or seized by any state or local
law enforcement agency and turned over to the United States,
during the investigation and prosecution of this case, and
consents to the forfeiture of all such assets.  Without
limiting the generality of the foregoing, Adelman hereby
specifically withdraws, waives and releases his claims to
$3,000 seized from Middlesex Savings Bank Box 58, Asset I.D.
05-DEA-442955, to which Adelman previously filed a claim dated
December 15, 2004.

11.    Information For Presentence Report

Adelman agrees to provide all information requested by
the U.S. Probation Office concerning his assets.

12.    Civil Liability

By entering into this Agreement, the U.S. Attorney does
not compromise any civil liability, including but not limited
to any tax liability, which Adelman may have incurred or may
incur as a result of his conduct and his plea of guilty to the
charges specified in paragraph one of this Agreement.

13.    Rejection of Plea By Court

Should Adelman's guilty plea not be accepted by the Court
for whatever reason, or later be withdrawn on motion of
Adelman, this Agreement shall be null and void at the option
of the U.S. Attorney.

14.    Breach of Agreement

If the U.S. Attorney determines that Adelman has failed
to comply with any provision of this Agreement, has violated
any condition of his pretrial release, or has committed any
crime following his execution of this Agreement, the U.S.
Attorney may, at his sole option, be released from his
commitments under this Agreement in their entirety by
notifying Adelman, through counsel or otherwise, in writing.

Elliot Weinstein, Esquire
September 9, 2005
page 12

The U.S. Attorney may also pursue all remedies available to
him under the law, irrespective of whether he elects to be
released from his commitments under this Agreement. Further,
the U.S. Attorney may pursue any and all charges which have
been, or are to be, dismissed pursuant to this Agreement.
Adelman recognizes that no such breach by him of an obligation
under this Agreement shall give rise to grounds for withdrawal
of his guilty plea. Adelman understands that, should he
breach any provision of this agreement, the U.S. Attorney will
have the right to use against Adelman before any grand jury,
at any trial or hearing, or for sentencing purposes, any
statements which may be made by him, and any information,
materials, documents or objects which may be provided by him
to the government subsequent to this Agreement, or pursuant to
the proffer agreement dated October 22, 2004 without any
limitation. In this regard, Adelman hereby waives any defense
to any charges which he might otherwise have under any statute
of limitations or the Speedy Trial Act.

15. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal,
state or local prosecutive authorities.

16. Complete Agreement

This letter contains the complete agreement between the
parties relating to the disposition of this case. No
promises, representations or agreements have been made other
than those set forth in this letter and in the proffer letter
dated October 22, 2004. This Agreement supersedes prior
understandings, if any, of the parties, whether written or
oral with the sole exception of those contained in the proffer
letter dated October 22, 2004. This Agreement can be modified
or supplemented only in a written memorandum signed by the
parties or on the record in court.

Elliot Weinstein, Esquire
September 9, 2005
page 13

If this letter accurately reflects the Agreement between the U.S. Attorney and Adelman, please have Adelman sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Nancy Rue.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____

LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

_____
NANCY RUE
Assistant U.S. Attorney

Elliot Weinstein, Esquire
September 9, 2005
page 14

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets
forth my agreement with the United States Attorney's Office
for the District of Massachusetts.  I further state that no
additional promises or representations have been made to me by
any official of the United States in connection with this
matter. I understand the crimes to which I have agreed to
plead guilty, the maximum penalties for those offenses and
Sentencing Guideline penalties potentially applicable to them.
I am satisfied with the legal representation provided to me by
my attorney.  We have had sufficient time to meet and discuss
my case.  We have discussed the charges against me, possible
defenses I might have, the terms of this Plea Agreement and
whether I should go to trial.  I am entering into this
Agreement freely, voluntarily, and knowingly because I am
guilty of the offenses to which I am pleading guilty and I
believe this Agreement is in my best interest.

JONAH ADELMAN
Defendant

Date: 9/14/05

I certify that Jonah Adelman has read this Agreement and
that we have discussed its meaning.  I believe he understands
the Agreement and is entering into the Agreement freely,
voluntarily and knowingly.

ELLIOT WEINSTEIN, ESQUIRE
Attorney for Adelman

Date: 9/20/05